1  Alan J. Friedman (State Bar No. 132580)
   afriedman@irell.com
2  Kerri A. Lyman (State Bar No. 241615)
   klyman@irell.com
3  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:  (949) 760-0991
5  Facsimile:  (949) 760-5200

6  *Attorneys for AP-Long Beach Airport LLC*

7

8

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12                       **LOS ANGELES DIVISION**

13

14  In re                              )   Case No. 2:14-bk-33372-VZ
                                       )
15  AP-LONG BEACH AIRPORT LLC, a       )   Chapter 11 Case
    Delaware limited liability company,)
16                                     )   **MOTION FOR ORDER: (1)**
         Debtor and Debtor-in-Possession. )  **APPROVING DISCLOSURE**
17                                     )   **STATEMENT; (2) APPROVING**
                                       )   **NOTICE PROCEDURES; (3)**
18                                     )   **ESTABLISHING CURE PROCEDURES;**
                                       )   **AND (4) ESTABLISHING**
19                                     )   **CONFIRMATION PROCEDURES AND**
                                       )   **DEADLINES; MEMORANDUM OF**
20                                     )   **POINTS AND AUTHORITIES IN**
                                       )   **SUPPORT THEREOF; DECLARATION**
21                                     )   **OF DONALD G. ABBEY IN SUPPORT**
                                       )   **THEREOF**
22                                     )
                                       )   Disclosure Statement Hearing
23                                     )   Date:   April 23, 2015
                                       )   Time:   1:30 p.m.
24                                     )   Place:  Courtroom 1368
                                       )
25  _____)

26

27

28

1    AP-Long Beach Airport, LLC, the above-captioned debtor and debtor-in-possession (the

2    "Debtor"), hereby files this motion (the "Motion"), for the entry of an order, in substantially the

3    form attached hereto as Exhibit "B", pursuant to sections 105, 1121, 1125 and 1126 of title 11 of

4    the United Sates Code (the "Bankruptcy Code") and Rules 2002, 3017 and 3018 of the Federal

5    Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as described more fully below,

6         (1)    approving the Disclosure Statement (as defined below);

7         (2)    establishing certain solicitation and notice procedures;

8         (3)    establishing April 30, 2015 as the deadline for the Debtor to transmit the Plan and

9                Disclosure Statement, ballots, and related solicitation materials, and notice of same;

10        (4)    establishing certain procedures for tabulating votes on the Plan;

11        (5)    approving the form of ballot that will accompany the Plan and Disclosure

12               Statement sent to the class of interest holders entitled to vote on the Plan;

13        (6)    establishing May 7, 2015 as the deadline for the party entitled to vote on the Plan to

14               return its ballot;

15        (7)    approving the form of notice of the confirmation hearing and related matters that

16               will accompany the Plan;

17        (8)    establishing May 21, 2015 as the deadline for the Debtor to file the Ballot

18               Summary (as defined below) and motion in support of confirmation of the Plan;

19        (9)    establishing June 4, 2015 as the deadline to file objections to confirmation of the

20               Plan and the deadline to object to cure amounts; and

21        (10)   Setting a confirmation hearing on June 18, 2015.

22        Attached hereto are the Memorandum of Points and Authorities and the Declaration of

23    Donald G. Abbey (the "Abbey Declaration") in support of the Motion, and represents as follows:

24

25                              **STATEMENT OF FACTS**

26    **A.    Jurisdiction and Venue**

27        The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. This

28    proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2). Venue of this case and this Motion

1  is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief

2  sought herein are sections 105, 1121, 1125 and 1126 of the Bankruptcy Code (the "Bankruptcy

3  Code"), Bankruptcy Rules 2002, 3017 and 3018 of the Federal Rules of Bankruptcy Procedure

4  (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules (the "Local Rules") for the United

5  States Bankruptcy Court for the Central District of California.

6      **B.**    **General Background**

7      The Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United

8  States Code on December 19, 2014 (the "Petition Date").  The Debtor continues to manage and

9  operate its businesses as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 and

10  1108.  No trustee, examiner, or committee has been appointed in this chapter 11 case.[1]

11      The Debtor is a single asset real estate company that owns a 206,945-square-foot building

12  at Long Beach Airport located at 3205 Lakewood Boulevard, Long Beach, California (the "Long

13  Beach Property") that originally was an airplane hangar.

14      The Debtor timely filed its Schedules and Statement of Financial Affairs on January 12,

15  2015.  On January 16, 2015, the Debtor filed Amended Schedules D, F and G.

16      On January 8, 2015, the Debtor served and filed with this Court its *Notice of Motion and*

17  *Motion for Order Establishing a Bar Date for Filing Proofs of Claim and Approving Form and*

18  *Manner of Notice of Bar Date*.  On February 4, 2015, this Court entered its Order granting the

19  Debtor's Motion and established April 17, 2015 as the general deadline for filing claims against

20  the Debtor's estate and June 17, 2015 as the deadline for governmental units to file claims against

21  the Debtor's estate.

22      **C.**    **The Plan and Disclosure Statement**

23      On March 18, 2015, the Debtor and Donald G. Abbey (the "Plan Proponents") filed the

24  *Disclosure Statement and Plan of Reorganization for AP-Long Beach Airport LLC* (the "Plan").

25

26      [1] On August 15, 2014, the state court appointed a receiver for the limited purpose of
collecting rents on behalf of U.S. Bank at the Long Beach Property (as his role was modified from
27  time to time, the "Receiver").  The Debtor has worked cooperatively with the Receiver since his
appointment to ensure that the value of the Long Beach Property is not impaired as a result of his
28  appointment.

1  By this Motion, the Debtor seeks approval of the disclosure provisions (the "Disclosure

2  Statement") contained in the Plan.

3       The Plan[2] divides claims and equity interests into classes and sets forth the treatment for

4  each class.  Pursuant to section 1123 of the Bankruptcy Code, administrative expenses and priority

5  tax claims are not classified.  All classified claims and equity interests are included in the Classes

6  summarized below:

7

8  | Class | Claimant | Status | Voting Right |
|---|---|---|---|
| Class One | Unsecured Creditors | Unimpaired | Deemed to Accept |
| Class Two | Unsecured Claim of U.S. Bank | Unimpaired | Deemed to Accept |
| Class Three | Unsecured Claim of LCS Constructors | Unimpaired | Deemed to Accept |
| Class Four | Membership Interest of Abbey-Properties II LLC | Impaired | Entitled to Vote |

17       Class Four is the only class entitled to vote ("Voting Class") on the Plan.  Because all other

18  classes are unimpaired, they are deemed to accept the Plan.

19       Along with the Plan, the Debtor has prepared the Disclosure Statement describing, among

20  other things, the proposed Plan, the proposed treatment of various claims and equity interests

21  pursuant thereto, and the potential effects of such treatment on creditors.  Approval and

22  distribution of the Disclosure Statement is the first step in the confirmation process.

23       The Disclosure Statement provides information about the Debtor's Chapter 11 case, the

24  Plan, and financial and other information underlying the Plan.

25

26  _____

27     [2] The following is merely a summary of the categories of classified claims and equity interests under the Plan.  Interested parties should review the Plan in its entirety to determine which claims or equity

28  interests are included in a particular class.  In the event of any conflict between this summary and the terms of the Plan, the Plan shall govern in all respects.

## II.

## RELIEF REQUESTED

**A.    Approval of the Disclosure Statement Pursuant to Section 1125 of the**

**Bankruptcy Code**

The Debtor seeks an order of the Court approving the Disclosure Statement pursuant to section 1125(a)(1) of the Bankruptcy Code.  The information contained in the Disclosure Statement is complete and accurate to the best of the Debtor's knowledge, information, and belief.

The Disclosure Statement provides members of the Voting Class with adequate information to make an informed judgment regarding whether to vote to accept or reject the Plan. Accordingly, the Debtor requests that the Court approve the Disclosure Statement as containing "adequate information," as defined in section 1125(a) of the Bankruptcy Code.

In accordance with section 1125(e) of the Bankruptcy Code, the Debtor is also requesting that the Court order that any person who solicits acceptance(s) of the Plan in accordance with the procedures set forth in this Motion shall not be liable on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan, or the offer, issuance, sale, or purchase of securities.

**B.    Approval of Solicitation Packages and Procedures for Distribution Thereof**

Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of a plan confirmation hearing.  The Debtor proposes that within seven (7) days after the hearing on the Disclosure Statement (approximately April 30, 2015), the materials required by Bankruptcy Rule 3017(d) (the "Solicitation Packages") will be distributed to all creditors and equity holders (regardless of their entitlement to vote).  The Solicitation Packages will include (i) the Disclosure Statement/Plan as approved by the Court, (ii) the Disclosure Statement Order, (iii) the Confirmation Hearing Notice (as defined below), and (iv) if the recipient is entitled to vote, a Ballot and a pre-addressed return envelope.  The Debtor intends to serve the Solicitation Packages, via first-class mail, via paper copy.

1    The Debtor submits that the distribution procedures described above satisfy the

2  requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

3    **C.    Fixing Certain Dates**

4    Pursuant to Bankruptcy Rules 2002(b) and 3020(b)(2), at least 28 days' notice must be

5  given by mail to the Debtor, the Trustee, all creditors and indenture trustees of the time fixed for

6  filing objections to, and the hearing to consider confirmation of, a chapter 11 plan.

7    In order for the solicitation, voting, and confirmation process to proceed in a timely

8  manner, the Debtor requests that the Court fix the following dates: (a) the last day for transmittal

9  of the Solicitation Packages and Confirmation Hearing Notices to those parties entitled to receive

10  them; (b) the last day for receipt of ballots accepting or rejecting the Plan; (c) the date for the

11  hearing on the confirmation of the Plan (the "Confirmation Hearing"); (d) the last date for filing a

12  memorandum in support of confirmation; (e) the date on which the Ballot Summary must be filed;

13  and (f) the deadlines to file objections to confirmation of the Plan and responses thereto.  A

14  proposed timeline indicating the intervals between the requested deadlines is attached as Exhibit

15  "A."

16    At the time that this Motion was filed, the Disclosure Statement hearing was scheduled for

17  April 23, 2015.  **In the event that the Debtor continues the hearing on the Disclosure**

18  **Statement, and depending upon the availability of dates on the Court's calendar, some or all**

19  **of the dates in the proposed timeline may change.**

20    **D.    Date to Transmit Notice and Solicitation Packages**

21    The Debtor requests that the Court fix April 30, 2015 (seven (7) days after the date of the

22  Disclosure Statement hearing) as the last day to mail the Solicitation Packages and notice of the

23  Confirmation Hearing to those entities entitled to receive them.

24    **E.    Approval of Voting and Tabulation Procedures**

25    Class Four is the only class entitled to vote on the Plan.  Because all other classes are

26  unimpaired, they are deemed to accept the Plan.  Class Four is comprised of equity interests in the

27  Debtor.  The Debtor's sole member is Abbey-Properties II LLC ("APII").  APII has informed the

28  Debtor that it supports the Plan and intends to vote in favor of the Plan.

The Debtor proposes the following procedures for tabulating votes in accordance with the Bankruptcy Code and Bankruptcy Rules:

(1)     Only Ballots in the form approved by the Court shall be accepted, unless otherwise ordered by the Court;

(2)     Only Ballots received on or before the Voting Deadline (as defined herein) shall be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court;

(3)     Only Ballots signed by the equity interest holder or an authorized representative shall be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court.

(4)     Only Ballots where the equity interest holder or an authorized representative checked a box indicating acceptance or rejection of the Plan (and did not check boxes indicating both acceptance and rejection), will be counted as an acceptance of the Plan;

(5)     Ballots sent by facsimile or email will be counted; and

(6)     If, prior to the Voting Deadline, the equity interest holder casts more than one Ballot, the last properly completed Ballot received prior to the Voting Deadline will be deemed to reflect such voter's intent and to supersede any prior Ballot.

The Debtor requests that the Court designate Irell & Manella LLP ("I&M"), the Debtor's reorganization counsel, to tabulate the ballots on the Plan and prepare the ballot summary to be submitted prior to the hearing on the confirmation of the Plan (the "Ballot Summary").  The Debtor requests that all Ballots be returned to:

> Lori Gauthier, Paralegal
> Irell & Manella LLP
> 840 Newport Center Drive, Suite 400
> Newport Beach, California 92660
> Fax: (949) 760-5200
> Email: lgauthier@irell.com

This Motion has been served on the Office of the United States Trustee, the Debtor, the Debtor's secured creditors, the Debtor's twenty largest unsecured creditors and parties requesting special notice.  Notice of the hearing on approval of the Disclosure Statement has been mailed to all creditors and equity interest holders in accordance with Bankruptcy Rule 2002.

**F.    Approval of the Form of Ballots**

All votes to accept or reject the Plan must be cast by using the appropriate ballot ("Ballot"). Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting the Plan should conform substantially to Official Form No. 14 and be mailed only to "creditors and equity holders entitled to vote on the plan." Bankruptcy Rule 3018(c) provides, in relevant part, that "an acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." This Court has provided a mandatory form of Ballot.

The Debtor has, in accordance with Bankruptcy Rule 3018(c) and this Court's forms, prepared a Ballot for use by Class Four, which is the only class that the Debtor anticipates will be entitled to vote to accept or reject the Plan.

By this Motion, the Debtor seeks approval of, and request authority to distribute to the Class Four interest holder the Ballot attached to the Proposed Order as Exhibit "2." The Debtor submits that the form of Ballot complies with Bankruptcy Rule 3018(c), is based on Official Form No. B14, and complies with this Court's mandatory forms.

**G.    Last Day to Vote**

Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject a plan . . . ." The Debtor hereby request that the Court fix May 7, 2015 at 5:00 p.m. PDT (seven (7) days after the date of the Disclosure Statement hearing) as the last day and time for the entity in the Voting Class to deliver its Ballot to I&M to accept or reject the Plan. Ballots must be completed and returned to, and actually received by, I&M on or before such date and time as is set by the Court in order to be valid and counted.

The Debtor requests that the Court set May 21, 2015 as the deadline to file the Ballot Summary.

**H.    Confirmation Hearing and Memorandum**

Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." The Debtor hereby

1  requests that the Court set June 18, 2015 at 2:00 p.m. as the date and time for the hearing on

2  confirmation of the Plan (the "Confirmation Hearing").

3       The Debtor also requests that the Court set May 21, 2015 (twenty-eight (28) days prior to

4  the Confirmation Hearing) as the last date to file a motion and memorandum in support of

5  confirmation and declarations in support thereof (the "Confirmation Memorandum").

6       **I.    Last Day to Object to Confirmation**

7       Bankruptcy Rule 3020(b) provides that, within a time specified by the Court, objections to

8  plan confirmation must be filed with the Court and served on the debtor, the trustee, the proponent

9  of the plan, any committee appointed under the Code, and any other entity designated by the

10 Court.  The Debtor requests that the Court fix June 4, 2015 at 5:00 p.m. PDT as the last day to file

11 objections to confirmation of the Plan with the Court, and the last date by which such objections

12 must be received by the service parties listed below.  This date is 35 days after the last day for

13 mailing the Solicitation Packages, meaning that recipients thereof will have at least 28 days' (and

14 likely longer) notice of the deadline for objecting to confirmation of the Plan.  The Debtor will

15 reply to any timely filed and served objections to confirmation at least seven (7) days prior to the

16 scheduled Confirmation Hearing.

17      Bankruptcy Rule 3020(b)(1) provides that the Court may designate the parties upon whom

18 any objections to confirmation must be served.  The Debtor requests that the Court designate that

19 objections be served on (a) counsel for the Debtor, Irell & Manella LLP, Attn: Alan J. Friedman,

20 Esq. and Kerri A. Lyman, Esq., 840 Newport Center Drive, Suite 400, Newport Beach, California

21 92660; (b) counsel for Donald G. Abbey ("Mr. Abbey"), Lobel, Neue & Till, LLP, Attn: William

22 N. Lobel, Esq., 840 Newport Center Drive, Suite 750, Newport Beach, CA 92660; (c) the Office

23 of the United States Trustee (the "UST"), Attn: Kelly Morrison, Esq., 915 Wilshire Boulevard,

24 Suite 1850, Los Angeles, CA 90017; and (d) counsel for Macquarie Bank Limited (the "DIP

25 Lender"), Kirkland & Ellis LLP, Attn: Chad J. Husnick, Esq. and Jason B. Gott, Esq., 300 North

26 LaSalle Street, Chicago, IL 60654.  The Debtor also requests that Court designate that the

27 Confirmation Memorandum to be filed by the Debtor be served on (a) counsel for the DIP Lender,

28 (b) the United States Trustee and (c) any objecting party.

The Debtor further requests that the following procedures be established for the admissibility of any objections or evidence in connection with the Confirmation Hearing:

a.       An objection to confirmation of the Plan must be in writing and accompanied by a memorandum of points and authorities and specify in detail: (i) the name and address of the entity filing the objection; (ii) the grounds of such objection; (iii) the evidentiary support for the objection in the form of affidavits under oath or declarations submitted under penalty of perjury; and (iv) the amount of the objector's claims or such other grounds that give the objector standing to assert any objection to the Plan;

b.       Any objection not timely filed and served shall be deemed to be waived and to be a consent to the Court's entry of an order confirming the Plan;

c.       Any evidence that is not timely filed and served as provided above will be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing; and

d.       All declarants or affiants must appear and be available, without the need for subpoena, for cross-examination at the Confirmation Hearing (except for declarants making declarations of service and the ballot tabulation, unless such testimony is put in issue). The testimony of any declarant or affiant who is not present himself or herself for cross-examination at the Confirmation Hearing will be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing, unless such party's appearance has been excused by order of the Bankruptcy Court.

The deadlines and procedures relating to the last day for transmittal of the Solicitation Packages and Confirmation Hearing Notices, the deadlines to submit ballots, the last day to file and deliver objections to confirmation of the Plan and responses thereto, and the date for hearing on confirmation of the Plan, are fair, reasonable, and authorized by applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and they should be approved.

**J.      Approval of the Form of Confirmation Hearing Notice**

The Solicitation Packages include the notice required by Bankruptcy Rules 2002(b) and 2002(d) to all Creditors and Interest Holders of the time set for filing objections to confirmation of

1  a chapter 11 plan and the hearing to consider confirmation of such plan.  In furtherance thereof,

2  the Debtor requests approval of the notice, substantially in the form attached to the Proposed

3  Order as Exhibit "1" (the "Confirmation Hearing Notice"), which specifies, among other things:

4  (a) the Plan Objection Deadline; (b) the Confirmation Hearing date and time; (c) the deadline to

5  submit Ballots; (d) the Voting Record Date; and (e) information regarding executory contracts and

6  unexpired leases.

7        The Debtor respectfully requests that the Court find that the Confirmation Hearing Notice

8  complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d).

9    **K.**      **Procedures for Determining Cure Amounts for Assumed Contracts and**

10             **Leases**

11       Subject to the following and pursuant to Section XVI of the Plan, the executory contracts

12  and unexpired leases listed on the Exhibit "4" to the Plan (the "Assumed Contracts and Leases")

13  shall be deemed assumed as of the Effective Date in accordance with, and subject to, the

14  provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.

15       Any monetary defaults under any of the Assumed Contracts and Leases shall be satisfied,

16  pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the cure amount set forth on

17  the exhibit of Assumed Contracts and Leases (the "Cure Amount") in cash on the Effective Date,

18  or upon such other terms as the parties to such Assumed Contract or Lease may agree.

19       The Debtor requests that the Court establish the following procedures to permit parties to

20  the Assumed Contracts and Leases to challenge the Debtor's calculation of the required cure

21  amounts to be paid on the Effective Date:

22       a.      In addition to the Solicitation Package, the Debtor will serve upon each of the

23  parties to the Assumed Contracts and Leases a notice of cure amount (the "Cure Notice"), with a

24  copy of the list of Assumed Contracts and Leases, which describes the deadline and procedure for

25  objecting to the Cure Amount, if disputed;

26       b.      The Debtor requests that the Court fix April 30, 2015, as the last day for the

27  Debtor to mail the Cure Notices, and set June 4, 2015 at 5:00 p.m. PDT (approximately fourteen

28

1   (14) days prior to the Confirmation Hearing) as the deadline for a counterparty to an Assumed

2   Contract or Lease to file and serve any objections to the Cure Amount;

3         c.      Objections to the Cure Amount must be in writing and must set forth in detail

4   the specific objection and the grounds for the objection, and what Cure Amount the objecting

5   party believes is required.  Any objection to the Cure Amount must be accompanied by

6   appropriate supporting documentation and evidence demonstrating the calculation of the Cure

7   Amount as claimed.  Any objection to the Cure Amount must be filed with the Court and served

8   on (a) counsel for the Debtor;  (b) counsel for Mr. Abbey; (c) the UST; and (d) counsel to the DIP

9   Lender.

10         d.      If parties to the Assumed Contracts and Leases fail to timely object to the Cure

11   Amounts, such parties shall be deemed to have consented to the assumption of the Assumed

12   Contracts and Leases and shall be irrevocably bound to the assumption of the Assumed Contracts

13   and Leases and to the Cure Amount, and will be barred and permanently enjoined from asserting

14   any amounts in excess of the Cure Amounts as a condition to assumption of the Assumed

15   Contracts and Leases;

16         e.      If a timely objection to a Cure Amount is filed, the Court shall determine the

17   appropriate Cure Amount at a hearing to be set by the Court prior to or at held concurrently with

18   the Confirmation Hearing (unless otherwise agreed by the Debtor); and

19         The Debtor reserves the right to modify the Plan at any time prior to the Effective Date,

20   with the consent of the DIP Lender, or to reject any of the Assumed Contracts and Leases in the

21   event that the Court increases the Cure Amount for a particular contract or lease above that

22   specified in the Cure Notice, or the Debtor believes, in its discretion, that assumption is

23   undesirable, in which case, the parties to the rejected Assumed Contracts and Leases may file a

24   rejection claim.

25

26

27

28

# III.

## ARGUMENT

**A.    The Disclosure Statement Should be Approved Because it Contains Adequate Information for the Members of the Voting Class to Make Informed Judgments about the Plan**

Bankruptcy Code section 1125(b) provides that an acceptance or rejection of a proposed chapter 11 plan may not be solicited from a party unless and until there has been transmitted to that party (1) either the plan or a summary of the plan and (2) a written disclosure statement that the bankruptcy court has approved, after notice and a hearing, as containing adequate information. The Disclosure Statement contains "adequate information" as defined by section 1125 of the Bankruptcy Code.  Adequate information is defined in that section as:

> [i]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records including a discussion of the potential material Federal Tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . .

11 U.S.C. § 1125(a)(1).

The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need in order to make an informed decision whether to vote for or against the plan.  See In re Diversified Investment Fund XVII, 91 B.R. 559, 561 (Bankr. C.D. CA 1988); see also Century Glove, Inc. v. First Am. Bank of New York, 860 F.2d 94, 100 (3rd Cir. 1988) ("... § 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); In re Monnier Bros., 755 F.2d 1336, 1341 (8th Cir. 1985); In re Phoenix Petroleum, Co., 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); In re Unichem Corp., 72 B.R. 95, 97 (Bankr. N.D. IL. 1987), aff'd 80 B.R. 448 (N.D. IL. 1987). Congress anticipated that such informed judgments would be needed to both negotiate over and vote on a plan of reorganization.  Id.  In the instant case, the only voting class is Class Four,

1    comprised of the membership interest of APII.

2         In examining the adequacy of the information contained in a disclosure statement, the

3    Court has broad discretion.  See In re Cajun Elec. Power Co-op, Inc., 230 B.R. 715, 731 (Bankr.

4    M.D. La 1999) (citing In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988) cert.

5    denied, 488 U.S. 926 (1988) ("The determination of what is adequate information is subjective

6    and made on a case by case basis.  This determination is largely within the discretion of the

7    bankruptcy court."); see also In re A.H. Robbins Company, Inc., 880 F.2d 694, 698 (4th Cir.

8    1989); In re Egan, 33 B.R. 672, 674-75 (Bankr. N.D. IL. 1983).  This discretion provides

9    flexibility and facilitates the effective reorganization of the different types of chapter 11 debtors by

10   accommodating the varying circumstances accompanying chapter 11 cases.  See H.R. Rep. No.

11   595, 95th Cong., 1st Sess. 408-09 (1977).

12        Courts evaluate whether a disclosure statement contains adequate information on a case-

13   by-case basis, based on the facts and circumstances of each case.  See In re Texas Extrusion Corp.,

14   844 F.2d at 1157; and In re A.H. Robbins Company, Inc., 880 F.2d at 698; see also In re Brotby,

15   303 B.R. 177, 193 (9th Cir. B.A.P. 2003) (finding that adequate information depends on the facts

16   and circumstances of an individual case); In re U.S. Brass Corp., 194 B.R. 420, 424-25 (Bankr.

17   E.D. TX. 1996) (listing factors courts have considered in determining the adequacy of information

18   provided in a disclosure statement); In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71

19   (Bankr. S.D. OH 1988) (same).

20        Generally, the disclosure statement should contain pertinent information bearing on the

21   success or failure of the proposed plan.  In re Stanley Hotel, Inc., 13 B.R. 926, 929 (Bankr. D. CO.

22   1981).

23        In construing section 1125 of the Bankruptcy Code, courts have developed a list of the

24   types of information, disclosure of which "may be mandatory, under the facts and circumstances

25   of a particular case, to meet the statutory requirement of adequate information."  In re Metrocraft

26   Pub. Servs., Inc., 39 B.R. 567, 568 (Bankr. N.D. GA. 1984).  In Metrocraft, the Court delineated

27   the types of information that courts have required to be contained in the disclosure statement.

28   Such information includes: (1) the events which led to the filing of a bankruptcy petition; (2) a

1    description of the available assets and their value; (3) the anticipated future of the company; (4)

2    the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present

3    condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to

4    creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial

5    information and the name of the accountants responsible for such information; (10) the future

6    management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated

7    administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of

8    accounts receivable; (14) financial information, data, valuations or projections relevant to the

9    creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks

10    posed to creditors under the plan; (16) the actual or projected realizable value from recovery of

11    preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy

12    context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.  Id.;

13    see also In re Monroe Well Servs., Inc., 80 B.R. 324, 331 (Bankr. E.D. PA. 1987) (citing

14    Metrocraft factors); In re Reilly, 71 B.R. 132, 134 (Bankr. D. MT. 1987) (same).

15        The information contained in the Disclosure Statement comports with the construction of

16    "adequate information" adopted by these courts.  The Disclosure Statement contains, among other

17    things, the following items referred to in Metrocraft:

18           1.     A description of the events leading to the filing of the bankruptcy case:

19    Section VII;

20           2.     Description of the Debtor's assets and their values: Section XII and Exhibit

21    "2";

22           3.     Information concerning the anticipated future of the Debtor: Section XV;

23           4.     A disclaimer: Section II;

24           5.     The present condition of the Debtor while in chapter 11: Sections VII and

25    XVII;

26

27

28

6.      The estimated return to creditors and equity holders in a hypothetical chapter 7 liquidation: Section XIV;[3]

7.      The estimated administrative expenses, including attorneys' and accountants' fees: Section XI;

8.      A discussion of the tax consequences of the Plan to the Debtor, creditors and equity holders: Section XVIII.

In addition to the disclosure items set out in <u>Metrocraft</u>, the Debtor incorporates the following significant items in the Disclosure Statement which the Debtor believes are appropriate in providing adequate information:

1.      A discussion of voting prerequisites and procedures: Sections IV, V and VI;

2.      A discussion of certain requirements for confirmation contained in the Bankruptcy Code: Section II.

The Disclosure Statement is a product of the Debtor's review and analysis of the circumstances leading to the filing of this case, the case itself, and an analysis of the Plan.  In drafting the Disclosure Statement, the Debtor sought the assistance and input of their financial and legal advisors.  Moreover, the Debtor, throughout the course of this case, has continued to provide information to various parties and their retained professionals and other constituents that have requested information.

The Disclosure Statement contains, or will contain prior to solicitation if the Court orders that the Disclosure Statement be supplemented, adequate and pertinent information necessary for affected holders to make an informed judgment when voting on the Plan.  In fact, there is only one class with one entity entitled to vote, Class Four.  Accordingly, the Court should find that the Disclosure Statement contains "adequate information" as defined in section 1125(a)(1) of the Bankruptcy Code.  The Disclosure Statement represents the Debtor's best efforts to provide

---

[3] Pursuant to the Plan, holders of allowed unsecured claims will be paid in full with interest on the Effective Date.  Since all creditors are being paid in full and, in the case of unsecured claims, with interest, creditors could not recover a greater amount in a Chapter 7 case and a detailed Chapter 7 liquidation analysis has not been provided, in accordance with this Court's instructions.  For similar reasons, forward-looking projections were not included.

1  sufficient information to creditors and interest holders in compliance with the applicable

2  provisions of the Bankruptcy Code, and has been proposed in good faith. Accordingly, the Court

3  should also grant the protections afforded by section 1125(e) of the Bankruptcy Code.

4    **B.      The Procedures for Tabulating Votes are in Accordance with Applicable**

5              **Provisions of the Bankruptcy Code and Bankruptcy Rules**

6          Generally, only a holder of an allowed claim or allowed interest is entitled to vote to accept

7  or reject a plan. See 11 U.S.C. § 1126(a). An unsecured creditor or an equity security holder must

8  file a proof of claim or interest in accordance with Bankruptcy Rule 3002 for such claim or

9  interest to be allowed, with certain exceptions. See 11 U.S.C. §§ 501 and 502; Fed. R. Bankr. P.

10  1019(3), 3003, 3004, and 3005. One noted exception to this general rule covers claims listed on a

11  debtor's schedule of liabilities and the list of equity security interests filed pursuant to Bankruptcy

12  Rule 1007. See 11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3003(b). The proposed procedures for

13  tabulating votes on the Plan are in accordance with the applicable provisions of the Bankruptcy

14  Code and Bankruptcy Rules.

15    **C.      The Requisite Dates and Procedures for the Solicitation, Voting, and**

16              **Confirmation Processes are Fair, Reasonable, and Authorized by Applicable**

17              **Provisions of the Bankruptcy Rules**

18          By this Motion, the Debtor has asked the Court to set certain dates and procedures in

19  connection with the solicitation, voting, and confirmation process for the Plan. These dates

20  include: (1) the last day for transmittal of the Solicitation Packages and notice of the Confirmation

21  Hearing to the entities entitled to receive them; (2) the last day for receipt of Ballots to accept or

22  reject the Plan; (3) the date for the Confirmation Hearing; (4) the last day for filing a

23  memorandum in support of confirmation and Ballot Summary; (5) the last day to file objections to

24  confirmation of the Plan and responses thereto; and (6) deadlines and procedures necessary to

25  determine the appropriate Cure Amounts under contracts and leases to be assumed under the Plan.

26  The Debtor believes that the requested dates and procedures are fair and reasonable, and are

27  authorized by the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. See,

28  e.g., Fed. R. Bankr. P. 3017(c) and (d), 3018(a), 3020(b)(1). Accordingly, the Court should

1 | approve the requested dates and procedures in connection with the solicitation, voting, and

2 | confirmation process.

3 | **CONCLUSION**

4 |      For the foregoing reasons and based upon the authorities set forth above, the Debtor

5 | respectfully submits that the Court should grant this Motion and the relief requested herein in its

6 | entirety.

7 | Dated: March 18, 2015                                          IRELL & MANELLA LLP

8 |

9 |

10 |                                                                By:  Alan J. Friedman

11 |                                                                      Kerri A. Lyman
       *Attorneys for AP-Long Beach Airport LLC*

## DECLARATION OF DONALD G. ABBEY

I, DONALD G. ABBEY, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.      AP-Long Beach Airport LLC, the debtor and debtor in possession (the "Debtor") in this chapter 11 case (the "Chapter 11 Case"), is a property-level subsidiary of The Abbey Companies LLC ("ABLLC"). I am a 33-year veteran of the national real estate industry, and the founder of ABLLC and its more than 60 separate subsidiaries, including the Debtor. In that capacity, I am generally familiar with the day-to-day operations, business and financial affairs, and books and records of the Debtor.[1]

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based on my personal knowledge of the Debtor's operations and finances, information gathered from my review of relevant documents, and information supplied to me by other members of the management and advisors for the Debtor. If called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

4.      I make this Declaration in support of the Debtor's motion (the "Motion") for the entry of an order approving and/or setting, as described more fully below, (1) the Disclosure Statement (as defined in the Motion), (2) certain solicitation, notice and voting procedures, (3) cure procedures, (4) confirmation deadlines and procedures, certain specified procedures for transmitting the Plan and Disclosure Statement, ballots, and related solicitation materials, and notice of same, (5) certain procedures for tabulating votes on the Plan, (6) the forms of ballots that will accompany the Plan and Disclosure Statement sent to those classes of creditors entitled to

---

[1]    On August 15, 2014, the state court appointed a receiver for the limited purpose of collecting rents on behalf of U.S. Bank at the Long Beach Property (as his role was modified from time to time, the "Receiver"). The Debtor has worked cooperatively with the Receiver since his appointment to ensure that the value of the Long Beach Property is not impaired as a result of his appointment.

1  vote on the Plan, (7) the form of notice of the confirmation hearing and related matters, and (8) the

2  requisite dates in connection with the solicitation, voting, and confirmation process.

3      5.    I am informed by the Debtor's bankruptcy counsel that the Bankruptcy Code, the

4  Bankruptcy Rules and Local Bankruptcy Rules provide certain notice and related requirements in

5  connection with the solicitation of votes on the Plan and the confirmation process.  Based on such

6  counsel, I believe that the relief requested by the Motion is necessary, reasonable and appropriate

7  in connection with the solicitation, voting, tabulation, and confirmation process, and will provide

8  creditors with the necessary notice, materials and opportunity to vote to accept or reject the Plan

9  and participate adequately in the confirmation process.

10     6.    Based on the foregoing, I respectfully request that the Court should grant the

11 Motion.

12     I declare under penalty of perjury that the foregoing is true and correct.

13 Executed this __17__ th day of March 2015, at Los Angeles, California.

14

15

16                         Donald G. Abbey

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

## Timeline

EXHIBIT A

| | |
|---|---|
| April 23, 2015 | Hearing to Approve Disclosure Statement |
| April 30, 2015 | Deadline for Solicitation Packages & Cure Notices to be Mailed |
| May 7, 2015 | Deadline for Ballots to be Received |
| May 21, 2015 | Deadline for Plan Proponents to file Motion in Support of Confirmation & Ballot Declaration |
| June 4, 2015 | Deadline for Parties to file Objections to Confirmation & Objections to the Assumption of Executory Contracts and Unexpired Leases or to the proposed Cure Amount |
| June 11, 2015 | Deadline for Plan Proponents to file a Reply in Support of Confirmation |
| June 18, 2015 | Hearing on Confirmation of the Plan |

- 1 -

# EXHIBIT "B"

Proposed Order

1    Alan J. Friedman (State Bar No. 132580)
     afriedman@irell.com
2    Kerri A. Lyman (State Bar No. 241615)
     klyman@irell.com
3    IRELL & MANELLA LLP
     840 Newport Center Drive, Suite 400
4    Newport Beach, California 92660-6324
     Telephone:  (949) 760-0991
5    Facsimile:  (949) 760-5200

6    *Attorneys for AP-Long Beach Airport LLC*

7

          **UNITED STATES BANKRUPTCY COURT**
8

          **CENTRAL DISTRICT OF CALIFORNIA**
9

          **LOS ANGELES DIVISION**
10

| | |
|---|---|
| 11   In re | Case No. 2:14-bk-33372-VZ |
| 12   AP-LONG BEACH AIRPORT LLC, a <br> Delaware limited liability company, | Chapter 11 Case |
| 13 | **[PROPOSED] ORDER: (1) APPROVING** |
|        Debtor and Debtor-in-Possession. | **DISCLOSURE STATEMENT; (2)** |
| 14 | **APPROVING NOTICE PROCEDURES; (3)** <br> **ESTABLISHING CURE PROCEDURES;** |
| 15 | **AND (4) ESTABLISHING** <br> **CONFIRMATION PROCEDURES AND** |
| 16 | **DEADLINES** |
| 17 | <u>Disclosure Statement Hearing</u> |
| 18 | Date:   April 23, 2015 <br> Time:   1:30 p.m. <br> Place:  Courtroom 1368 |
| 19 | |

20

21         The "Motion for Order: (1) Approving Disclosure Statement; (2) Approving Notice

22   Procedures; (3) Establishing Cure Procedures; and (4) Establishing Confirmation Procedures and

23   Deadlines" filed on March 18, 2015 [Docket No. _____] (the "<u>Motion</u>") by AP-Long Beach

24   Airport LLC, a Delaware limited liability company, the debtor and debtor-in-possession in the

25   above-entitled case (the "<u>Debtor</u>"), was considered by the Court on April 23, 2015, at 1:30 p.m.

26   Appearances made at the hearing are reflected on the record of the hearing.  Among other things,

27   the Motion sought approval of the disclosure provisions (the "<u>Disclosure Statement</u>") contained in

28

the *Disclosure Statement and Plan of Reorganization for AP-Long Beach Airport LLC* (the "Plan") [Docket No. _____].

Unless defined differently herein, capitalized terms in this Order have the meanings ascribed to them in the Motion.

After consideration of the Motion, the Disclosure Statement, any objections or responses to the Disclosure Statement that were filed with the Court, the records and files in this chapter 11 case, and the arguments of counsel, and the Court having determined that notice of this core proceeding was appropriate under the circumstances, and good cause appearing therefor, it is hereby

**ORDERED THAT:**

1.    The Motion is granted.

2.    The Disclosure Statement is approved as containing adequate information in accordance with section 1125 of the Bankruptcy Code.

3.    The Debtor has provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017.

4.    The Court is not making any findings that any statement in the Disclosure Statement is accurate.

5.    To the extent that any objections to the adequacy of the information contained in the Disclosure Statement or to any of the other subject matter of this Order have not been otherwise resolved, such objections are overruled.

6.    The procedures set forth in the Motion concerning the transmittal of the Solicitation Packages[1] and the Confirmation Hearing Notice are approved.

7.    The Debtor is authorized to serve the Solicitation Packages via first-class mail.

---

[1] The Solicitation Packages shall be comprised of the Plan/ Disclosure Statement, the Confirmation Hearing Notice, this Order, and, if the recipient is entitled to vote, a Ballot and a pre-addressed return envelope.

2

8.     April 30, 2015 shall be the last day for the Debtor to mail the Solicitation Packages to those entities entitled to receive them.

9.     The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d), and is hereby approved.

10.     The Class Four Ballot, substantially in the form attached hereto as Exhibit 2, is hereby approved.

11.     The following procedures for the solicitation and tabulation of votes on the Plan are approved:

    a.   Only Ballots in the form approved by the Court shall be accepted, unless otherwise ordered by the Court;

    b.   Only Ballots received on or before the Voting Deadline (as defined herein) shall be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court;

    c.   Only Ballots signed by the equity interest holder or an authorized representative shall be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court.

    d.   Only Ballots where the equity interest holder or an authorized representative checked a box indicating acceptance or rejection of the Plan (and did not check boxes indicating both acceptance and rejection), will be counted as an acceptance of the Plan;

    e.   Ballots sent by facsimile or email will be counted;

    f.   If, prior to the Voting Deadline, the equity interest holder casts more than one Ballot, the last properly completed Ballot received by I&M (as defined below) prior to the Voting Deadline will be deemed to reflect such voter's intent and to supersede any prior Ballot; and

    g.   All Ballots shall be returned to the Debtor's reorganization counsel at the following address: Lori Gauthier, Paralegal, Irell & Manella LLP, 840 Newport

3

1   Center Drive, Suite 400, Newport Beach, CA 92660, Fax: (949) 760-5200,

2   Email: lgauthier@irell.com ("I&M").

3       12.     May 7, 2015 at 5:00 p.m. (PDT), shall be the last day and time to deliver Ballots to

4   I&M.  Ballots must be completed and returned to, and actually received by I&M, on or before

5   May 7, 2015, at 5:00 p.m. (PDT), to be valid and counted.

6       13.     I&M is designated as the entity that will tabulate the Ballots on the Plan and

7   prepare the ballot summary to be submitted prior to the hearing on the confirmation of the Plan

8   (the "Ballot Summary").

9       14.     On or before May 21, 2015, the Debtor shall file the Ballot Summary.

10      15.     On or before May 21, 2015, the Debtor shall file a motion and memorandum in

11  support of confirmation of the Plan (the "Confirmation Memorandum"), declarations in support

12  thereof, and shall serve a copy of the Confirmation Memorandum on (1) the UST (as defined

13  below); (2) counsel to the DIP Lender (as defined below); and (3) all parties that have requested

14  notice in the Debtor's case.  The Confirmation Memorandum shall include evidence in support of

15  the requirements of 11 U.S.C. § 1129.

16      16.     June 4, 2015 at 5:00 p.m. (PDT), shall be the last day and time to file with the

17  Court and serve any objections to confirmation of the Plan on (a) counsel for the Debtor, Irell &

18  Manella LLP, Attn: Alan J. Friedman, Esq.. and Kerri A. Lyman, Esq., 840 Newport Center Drive,

19  Suite 400, Newport Beach, California 92660; (b) counsel for Donald G. Abbey, Lobel, Neue &

20  Till, LLP, Attn: William N. Lobel, Esq., 840 Newport Center Drive, Suite 750, Newport Beach,

21  CA 92660; (c) the Office of the United States Trustee (the "UST"), Attn: Kelly Morrison, Esq.,

22  915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017; and (d) counsel for Macquarie Bank

23  Limited (the "DIP Lender"), Kirkland & Ellis LLP, Attn: Chad J. Husnick, Esq. and Jason B. Gott,

24  Esq., 300 North LaSalle Street, Chicago, IL 60654.  The following procedures shall apply to the

25  admissibility of any objection to confirmation of the Plan:

26          a.  An objection to confirmation of the Plan must be in writing and accompanied

27              by a memorandum of points and authorities and specify in detail: (i) the name

28              and address of the entity filing the objection; (ii) the grounds of such objection;

4

     (iii) the evidentiary support for the objection in the form of affidavits under oath or declarations submitted under penalty of perjury; and (iv) the amount of the objector's claims or such other grounds that give the objector standing to assert any objection to the Plan.

    b.  Any objection not timely filed and served shall be deemed to be waived and the party raising such objection shall be deemed to consent to the Court's entry of an order confirming the Plan.

    c.  Any evidence that is not timely filed and served as provided above shall be stricken from the record and will not be considered at the Confirmation Hearing.

    d.  All declarants or affiants must appear and be available, without need for subpoena, for cross-examination at the Confirmation Hearing (except for declarants making declarations of service and the ballot tabulation, unless such testimony is put in issue). The testimony of any declarant or affiant who is not present himself or herself for cross-examination at the Confirmation Hearing will be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing, unless such party's appearance has been excused by order of this Court.

17.    Pursuant to Section XVI of the Plan, the Executory Contracts and Unexpired Leases listed on Exhibit "4" to the Plan shall be deemed to be assumed as of the Effective Date, subject to the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.

18.    Any monetary defaults under each Assumed Executory Contract and Unexpired Lease shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the cure amount set forth on Exhibit "4" to the Plan (the "Cure Amount") in cash on the Effective Date, or upon such other terms as the parties to such Assumed Contract or Lease may agree.

19.    The following procedures permitting parties to the Assumed Contracts and Leases to challenge the Debtor's calculation of the required Cure Amounts are approved:

5

a.  In addition of the Solicitation Package, the Debtor shall serve upon each of the parties to the Assumed Contracts and Leases a notice of cure amount (the "Cure Notice"), with a copy of the list of Assumed Contracts and Leases, which describes the deadline and procedure for objecting to the Cure Amount, if disputed.

b.  April 30, 2015, shall be the last day for the Debtor to mail the Cure Notices and June 4, 2015 at 5:00 p.m. PDT, shall be the deadline for a counterparty to an Assumed Contract or Lease to file and serve any objections to the Cure Amount.

c.  Objections to the Cure Amount must be in writing and must set forth in detail the specific objection and the grounds for the objection, and what Cure Amount the objecting party believes is required.  Any objection to the Cure Amount must be accompanied by appropriate supporting documentation and evidence demonstrating the calculation of the Cure Amount as claimed.  Any objection to the Cure Amount must be filed with the Court and served on (a) counsel for the Debtor; (b) counsel for Mr. Abbey; (c) the UST; and (d) counsel for the DIP Lender.

d.  If parties to the Assumed Contracts and Leases fail to timely object to the Cure Amounts, such parties shall be deemed to have consented to the assumption of the Assumed Contracts and Leases and shall be irrevocably bound to the assumption of the Assumed Contracts and Leases and to the Cure Amount, and will be barred and permanently enjoined from asserting any amounts in excess of the Cure Amounts as a condition to assumption of the Assumed Contracts and Leases.

e.  If a timely objection to a Cure Amount is filed, the Court shall determine the appropriate Cure Amount at a hearing to be set by the Court prior to or at held concurrently with the Confirmation Hearing (unless otherwise agreed by the Debtor).

20.    The Debtor may modify the Plan at any time prior to the Effective Date, with the consent of the DIP Lender, to reject any of the Assumed Contracts and Leases in the event that the Court increases the Cure Amount for a particular contract or lease above that specified in the Cure Notice, or the Debtor believes, in its discretion, that assumption is undesirable, in which case, the parties to the rejected Assumed Contracts and Leases may file a rejection claim.

6

1      21.     The hearing on the confirmation of the Plan shall take place before the Court on

2  June 18, 2015 at 2:00 p.m. (PDT).  The hearing may be adjourned or continued from time to time

3  thereafter by announcement at the hearing, without any further written notice.

4                                # # #

7

EXHIBIT "B"
Page 30

# EXHIBIT "1"

# (To Proposed Order)

Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

*Attorneys for AP-Long Beach Airport LLC*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:14-bk-33372-VZ |
| | ) |
| AP-LONG BEACH AIRPORT LLC, a Delaware | ) Chapter 11 |
| limited liability company, | ) |
| | ) **NOTICE OF:** |
| Debtor and Debtor-in-Possession. | ) |
| | ) **(1)  ORDER: (1) APPROVING DISCLOSURE** |
| | ) **STATEMENT; (2) APPROVING NOTICE** |
| | ) **PROCEDURES; (3) ESTABLISHING CURE** |
| | ) **PROCEDURES; AND (4) ESTABLISHING** |
| | ) **CONFIRMATION PROCEDURES AND DEADLINES** |
| | ) |
| | ) **(2)  HEARING ON CONFIRMATION OF THE PLAN** |
| | ) **OF REORGANIZATION FOR AP-LONG BEACH** |
| | ) **AIRPORT LLC** |
| | ) |
| | ) **(3)  LAST DAY TO CAST BALLOTS ACCEPTING** |
| | ) **OR REJECTING THE PLAN OF** |
| | ) **REORGANIZATION FOR AP-LONG BEACH** |
| | ) **AIRPORT LLC** |
| | ) |
| | ) **(4)  LAST DATE FOR FILING WRITTEN** |
| | ) **OBJECTIONS TO THE PLAN OF** |
| | ) **REORGANIZATION FOR AP-LONG BEACH** |
| | ) **AIRPORT LLC** |
| | ) |
| | ) **(5)  LAST DATE FOR DEBTOR TO FILE** |
| | ) **CONFIRMATION MEMORANDUM AND BALLOT** |
| | ) **TALLY** |
| | ) |
| | ) **(6)  LAST DATE FOR FILING OBJECTIONS TO** |
| | ) **CURE AMOUNTS** |
| | ) |
| | ) Plan Confirmation Hearing |
| | ) Date: _____, 2015 |
| | ) Time: _____ |
| | ) Place:  Courtroom 1368 |
| | )         255 East Temple Street |
| | )         Los Angeles, CA |
| | ) |

**TO THE OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS AND PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that on or about _____, 2015, the Bankruptcy Court entered an order approving the disclosure provisions (the "Disclosure Statement") contained in the *Disclosure Statement and Plan of Reorganization for AP-Long Beach Airport LLC* (the "Plan") [Docket No. _____][1] filed by AP-Long Beach Airport LLC, a Delaware limited liability company, the debtor and debtor-in-possession in this case (the "Debtor") and Donald G. Abbey ("Mr. Abbey"), as plan proponents.

Transmitted herewith are copies of the following:

(1)     The Plan/ Disclosure Statement;
(2)     The Order Approving the Disclosure Statement.

If you are entitled to vote to accept or reject the Plan, also included herewith is:

(3)     A ballot for the acceptance or rejection of the Plan and a pre-addressed return envelope.

**THE HEARING FOR CONSIDERATION OF THE PLAN AND ANY OBJECTIONS THAT MAY BE MADE TO THE CONFIRMATION OF THE PLAN WILL BE HELD ON JUNE____, 2015, AT _____ __.M. (PDT), BEFORE THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, IN COURTROOM 1368 OF THE ABOVE-ENTITLED COURT, LOCATED AT THE EDWARD R. ROYBAL FEDERAL BUILDING AND U.S. COURTHOUSE, 255 EAST TEMPLE STREET, LOS ANGELES, CA 90012.**

**PLEASE TAKE FURTHER NOTICE** that May 7, 2015, at 5:00 p.m., shall be the last day to deliver Ballots to Irell & Manella LLP ("I&M"), the Debtor's bankruptcy counsel.  Ballots must be completed and returned to, and actually received by I&M, on or before May 7, 2015, at 5:00 p.m. (PDT), to be valid and counted.  All Ballots shall be returned to the Debtor's reorganization counsel (I&M) at the following address:  Lori Gauthier, Paralegal, Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660, Fax: (949) 760-5200, Email: lgauthier@irell.com.

**BY ORDER OF THE COURT, WRITTEN BALLOTS ACCEPTING OR REJECTING THE PLAN MUST BE ACTUALLY RECEIVED BY I&M ON OR BEFORE MAY 7, 2015, AT 5:00 P.M. (PDT).**

**PLEASE TAKE FURTHER NOTICE** that on or before May 21, 2015, the Debtor shall file a ballot summary and a motion and memorandum in support of confirmation of the Plan (the "Confirmation Memorandum"), declarations in support thereof, and shall serve a copy of the Confirmation Memorandum on (1) the DIP Lender, (2) the UST, and (3) all parties that have requested notice in the Debtor's case.

**PLEASE TAKE FURTHER NOTICE** that June 4, 2015, at 5:00 p.m. (PDT) is the last date and time for filing and serving, pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, written objections to confirmation of the Plan.  Any creditor or interested party who wishes to object to the Plan must file a written objection with the Clerk of the Bankruptcy Court, located at Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.  Such objection must also be served, such that any objection is received by no later than 5:00 p.m. (PDT), on June 4, 2015, upon (a) counsel for the Debtor, Irell & Manella LLP, Attn: Alan J. Friedman, Esq. and Kerri A. Lyman, Esq., 840 Newport Center Drive, Suite 400, Newport Beach, California 92660; (b) counsel for Mr. Abbey, Lobel, Neue & Till, LLP, Attn: William N. Lobel, Esq., 840 Newport Center Drive, Suite 750, Newport Beach, CA 92660; (c) the Office of the United States Trustee (the "UST"), Attn:

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Plan.

Kelly Morrison, Esq., 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017; and (d) counsel for Macquarie Bank Limited (the "DIP Lender"), Kirkland & Ellis LLP, Attn: Chad J. Husnick, Esq. and Jason B. Gott, Esq., 300 North LaSalle Street, Chicago, IL 60654. Any objections to the Plan not filed and served as set forth herein may be deemed waived.

**PLEASE TAKE FURTHER NOTICE** that April 30, 2015, has been fixed as the last day for the Debtor to serve upon each of the parties to the list of contracts and leases to be assumed (the "Assumed Contracts and Leases") a notice of cure amount (the "Cure Notice"), together with a copy of the list of Assumed Contracts and Leases, which describes the deadline and procedure for objecting to the proposed cure amount (the "Cure Amount"), if disputed.

**PLEASE TAKE FURTHER NOTICE** that June 4, 2015, at 5:00 p.m. (PDT), is fixed as the last day to file and serve any objections to the Cure Amount. Objections to the Cure Amount must be in writing and must set forth in detail the specific objection and the grounds for the objection, and what Cure Amount the objecting party believes is required. Any objection to the Cure Amount must be accompanied by appropriate supporting documentation and evidence demonstrating the calculation of the Cure Amount as claimed. Any objection to the Cure Amount must be filed with the Court and served on (a) counsel for the Debtor; (b) counsel for Mr. Abbey; (c) the UST; and (d) counsel for the DIP Lender, at the addresses set forth above.


Dated: _____, 2015


                              IRELL & MANELLA LLP

                              By: _____
                                    Alan J. Friedman
                                    Kerri A. Lyman
                                    *Attorneys for AP-Long Beach Airport LLC*

# EXHIBIT "2"

# (To Proposed Order)

BALLOT FOR ACCEPTING OR REJECTING PLAN

AP Long Beach Airport LLC and Donald G. Abbey (the "Proponents") filed a Plan of Reorganization on March 18, 2015. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

_____ The undersigned, a creditor with an allowed claim in the amount of $_____:

_____ The undersigned, a holder of a bond in the amount of $_____, with a stated maturity date of _____, registered in the name of _____, and bearing serial number(s)_____:

_____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) No. _____:

[ ]  Accepts the Plan

[ ]  Rejects the Plan

Print or type name: _____

State which class you are a member of: _____

Signed: _____

If appropriate, by: _____ as _____

Address:

Return this ballot on or before _____ to: IRELL & MANELLA LLP, Attn: Lori Gauthier, 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324, Telephone: (949) 760-0991, Facsimile: (949) 760-5200.

EXHIBIT "B"
Page 36

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324**

A true and correct copy of the foregoing document described as **MOTION FOR ORDER: (1) APPROVING DISCLOSURE STATEMENT; (2) APPROVING NOTICE PROCEDURES; (3) ESTABLISHING CURE PROCEDURES; AND (4) ESTABLISHING CONFIRMATION PROCEDURES AND DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DONALD G. ABBEY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 18, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ **Service information continued on attached page**

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **March 18, 2015**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ **Service information continued on attached page**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 18, 2015**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 18 , 2015 | Lori Gauthier | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

#3326569

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")**

- Alan J Friedman    afriedman@irell.com

- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com

- Marsha A Houston    mhouston@reedsmith.com

- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov

- Kerri A Lyman    klyman@irell.com

- Mark E McKane    mark.mckane@kirkland.com,
  mmckane@kirkland.com;rtejada@kirkland.com;alevin@kirkland.com

- Michael P McMahon    mmcmahon@irell.com, mick.p.mcmahon@gmail.com

- Reed M Mercado    rmercado@sheppardmullin.com

- Kelly L Morrison    kelly.l.morrison@usdoj.gov

- Robert A Pilmer    alexander.pilmer@kirkland.com

- Geoffrey T Sawyer    gsawyer@weildrage.com

- Todd M Schwartz    toddschwartz@paulhastings.com,
  marccarmel@paulhastings.com;michellecline@paulhastings.com

- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

- Jasmin Yang    jyang@swlaw.com, jmacneil@swlaw.com

**SERVED VIA MESSENGER/ATTY SERVICE**

**Honorable Vincent Zurzolo**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

**Office of the U.S. Trustee**
Attn: Kelly L. Morrison
915 Wilshire Boulevard
Suite 1850
Los Angeles, CA 90017

**SERVED VIA FIRST-CLASS MAIL**

REFER TO ATTACHED LIST

#3198827.v2 – Limit Notice Order Entered 1/2/15.

| | |
|---|---|
| Debtor<br>AP-Long Beach Airport LLC<br>Attn: Donald G. Abbey<br>14770 Firestone Blvd, Suite 206<br>La Mirada, CA 90638 | Office of the U.S. Trustee<br>Attn: Kelly L. Morrison<br>915 Wilshire Boulevard<br>Suite 1850<br>Los Angeles, CA 90017 |

**20 LARGEST(per amended list filed 1/12/15):**

| | | |
|---|---|---|
| Environ Architecture, Inc.<br>Attn: Authorized Agent<br>100 Oceangate<br>Suite P-200<br>Long Beach, CA 90802 | Southern California Edison<br>Attn: Mary Greene or Authorized Agent<br>PO Box 300<br>Rosemead, CA 91772-0001 | Murchison Consulting<br>Attn: Authorized Agent<br>3333 E Spring St<br>Long Beach, CA 90806 |
| Granite Telecommunications LLC<br>Attn: M. Long or Authorized Agent<br>PO Box 983119<br>Boston, MA 02298-3119 | Meier Plumbing, Inc.<br>Attn: Authorized Agent<br>17432 E. Santa Clara Ave<br>Santa Ana, CA 92705 | DC Environmental<br>Attn: A. Baker or Authorized Agent<br>3002 Dow Ave, Suite 118<br>Tustin, CA 92780 |
| Universal Building Maintenance LLC<br>Attn: Authorized Agent<br>1552 N. Tustin Avenue, Suite 650<br>Santa Ana, CA 92705 | ABM Electrical Solutions, Inc.<br>Attn: Angelica Hernandez or Authorized Agent<br>152 Technology Drive<br>Irvine, CA 92618 | Coastal Maintenance Inc.<br>Attn: S. Diaz or Authorized Agent<br>23052-H Alicia Parkway, #297<br>Mission Viejo, CA 92692 |
| Total Access Security Systems Corp.<br>Attn: Authorized Agent<br>818 W. Chapman Ave<br>Orange, CA 92868-2823 | | |

**SECURED PARTIES:**

| | | |
|---|---|---|
| | U.S. Bank National Association<br>Sheppard Mullin Richter & Hampton LLP<br>Attn: D. McCarty, Esq/M. Mercado, Esq.<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, CA 92626 | U.S. Bank National Association<br>Sheppard Mullin Richter & Hampton LLP<br>Attn: M. Reed Mercado, Esq.<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071-1422 |

**PARTIES REQUESTING SPECIAL NOTICE:**

| | | |
|---|---|---|
| | Attorneys for the Abbey Companies<br>Marc J. Carmel, Esq.<br>Paul Hastings LLP<br>71 South Wacker Drive, Suite 4500<br>Chicago, IL 60606 | Attorneys for the Abbey Companies<br>Todd M. Schwartz, Esq.<br>Paul Hastings LLP<br>1117 S. California Avenue<br>Palo Alto, CA 94304 |
| Attorneys for Bank of America, N.A.<br>Jasmin Yang, Esq.<br>Snell & Wilmer LLP<br>350 South Grand Avenue, Suite 2600<br>Los Angeles, CA 90071 | Attorneys for U.S. Attorney's Office<br>Attn: Stephanie Yonekura/Leon W. Weidman, Elan S. Levey<br>U.S. Attorney's Office<br>300 N. Los Angeles St., Room 7516<br>Los Angeles, CA 90012 | Attorneys for Environ Architecture, Inc.<br>Attn: Jacqueline Pons-Bunney, Geoffrey T Sawyer, Brian P. Roteliuk<br>Weil & Drage, APC<br>23212 Mill Creek Drive<br>Laguna Hills, CA 92653 |
| Marsha A. Houston, Esq,/Christopher O. Rivas, Esq.<br>Reed Smith LLP<br>355 S. Grand Avenue, Suite 2900<br>Los Angeles, CA 90071 | Steven T. Gubner, Esq.<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 | LCS<br>c/o Ashley A. Baron, Esq.<br>Baron Law Group<br>1315-I North Tustin Street<br>Suite 411<br>Orange, California 92867 |

U.S. Securities and Exchange Comm
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Securities and Exchange Commission
5670 Wilshire Blvd
11th Floor
Los Angeles, CA 90036

Atty General
United States Department of Justice
Ben Franklin Station
PO Box 683
Washington, DC 20044

0.0 01