Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for AP-Long Beach Airport LLC*

FILED & ENTERED

APR 28 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY walter    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AP-LONG BEACH AIRPORT LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-in-Possession. | Case No. 2:14-bk-33372-VZ<br><br>Chapter 11 Case<br><br>**ORDER: (1) APPROVING DISCLOSURE STATEMENT; (2) APPROVING NOTICE PROCEDURES; (3) ESTABLISHING CURE PROCEDURES; AND (4) ESTABLISHING CONFIRMATION PROCEDURES AND DEADLINES**<br><br><u>Disclosure Statement Hearing</u><br>Date: April 23, 2015<br>Time: 1:30 p.m.<br>Place: Courtroom 1368 |

The "Motion for Order: (1) Approving Disclosure Statement; (2) Approving Notice Procedures; (3) Establishing Cure Procedures; and (4) Establishing Confirmation Procedures and Deadlines" filed on March 18, 2015 [Docket No. 144] (the "<u>Motion</u>") by AP-Long Beach Airport LLC, a Delaware limited liability company, the debtor and debtor-in-possession in the above-entitled case (the "<u>Debtor</u>"), was considered by the Court on April 23, 2015, at 1:30 p.m. Appearances made at the hearing are reflected on the record of the hearing.

At the hearing on the Motion, the Court considered the Debtor's proposed plan and disclosure statement and requested certain revisions, which changes are reflected in the disclosure

3313772.4 06

provisions (the "Disclosure Statement") contained in the *Second Amended Disclosure Statement and Plan of Reorganization for AP-Long Beach Airport LLC* (the "Plan") [attached as Exhibit "A" to Docket No. 165].

Unless defined differently herein, capitalized terms in this Order have the meanings ascribed to them in the Motion.

After consideration of the Motion and the Disclosure Statement, and no objections or responses to the Disclosure Statement having been filed with the Court, the records and files in this chapter 11 case, and the arguments of counsel, and the Court having determined that notice of this core proceeding was appropriate under the circumstances, and good cause appearing therefor, it is hereby

**ORDERED THAT:**

1. The Motion is granted.

2. The Disclosure Statement is approved as containing adequate information in accordance with section 1125 of the Bankruptcy Code.

3. The Debtor has provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017.

4. ~~The Court is not making any findings that any statement in the Disclosure Statement is accurate~~. **PARAGRAPH 4 DELETED BY THE COURT**

5. To the extent that any objections to the adequacy of the information contained in the Disclosure Statement or to any of the other subject matter of this Order have not been otherwise resolved, such objections are overruled.

6. The procedures set forth in the Motion concerning the transmittal of the Solicitation Packages[1] and the Confirmation Hearing Notice are approved.

7. The Debtor is authorized to serve the Solicitation Packages via first-class mail.

---

[1] The Solicitation Packages shall be comprised of the Plan/ Disclosure Statement, the Confirmation Hearing Notice, this Order, and, if the recipient is entitled to vote, a Ballot and a pre-addressed return envelope.

2

8. April 29, 2015 shall be the last day for the Debtor to mail the Solicitation Packages to those entities entitled to receive them.

9. The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d), and is hereby approved.

10. The Class Four Ballot, substantially in the form attached hereto as Exhibit 2, is hereby approved.

11. The following procedures for the solicitation and tabulation of votes on the Plan are approved:

   a. Only Ballots in the form approved by the Court shall be accepted, unless otherwise ordered by the Court;

   b. Only Ballots received on or before the Voting Deadline (as defined herein) shall be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court;

   c. Only Ballots signed by the equity interest holder or an authorized representative shall be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court.

   d. Only Ballots where the equity interest holder or an authorized representative checked a box indicating acceptance or rejection of the Plan (and did not check boxes indicating both acceptance and rejection), will be counted as an acceptance of the Plan;

   e. Ballots sent by facsimile or email will be counted;

   f. If, prior to the Voting Deadline, the equity interest holder casts more than one Ballot, the last properly completed Ballot received by I&M (as defined below) prior to the Voting Deadline will be deemed to reflect such voter's intent and to supersede any prior Ballot; and

   g. All Ballots shall be returned to the Debtor's reorganization counsel at the following address: Lori Gauthier, Paralegal, Irell & Manella LLP, 840 Newport

3

Center Drive, Suite 400, Newport Beach, CA 92660, Fax: (949) 760-5200, Email: lgauthier@irell.com ("I&M").

12. May 29, 2015 at 5:00 p.m. (PDT), shall be the last day and time to deliver Ballots to I&M. Ballots must be completed and returned to, and actually received by I&M, on or before May 29, 2015, at 5:00 p.m. (PDT), to be valid and counted.

13. I&M is designated as the entity that will tabulate the Ballots on the Plan and prepare the ballot summary to be submitted prior to the hearing on the confirmation of the Plan (the "Ballot Summary").

14. On or before June 4, 2015, the Debtor shall file the Ballot Summary.

15. On or before May 21, 2015, the Debtor shall file a motion and memorandum in support of confirmation of the Plan (the "Confirmation Memorandum"), declarations in support thereof, and shall serve a copy of the Confirmation Memorandum on (1) the UST (as defined below); (2) counsel to the DIP Lender (as defined below); and (3) all parties that have requested notice in the Debtor's case. The Confirmation Memorandum shall include evidence in support of the requirements of 11 U.S.C. § 1129.

16. June 4, 2015 at 5:00 p.m. (PDT), shall be the last day and time to file with the Court and serve any objections to confirmation of the Plan on (a) counsel for the Debtor, Irell & Manella LLP, Attn: Alan J. Friedman, Esq.. and Kerri A. Lyman, Esq., 840 Newport Center Drive, Suite 400, Newport Beach, California 92660; (b) counsel for Donald G. Abbey, Lobel, Neue & Till, LLP, Attn: William N. Lobel, Esq., 840 Newport Center Drive, Suite 750, Newport Beach, CA 92660; (c) the Office of the United States Trustee (the "UST"), Attn: Kelly Morrison, Esq., 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017; and (d) counsel for Macquarie Bank Limited (the "DIP Lender"), Kirkland & Ellis LLP, Attn: Chad J. Husnick, Esq. and Jason B. Gott, Esq., 300 North LaSalle Street, Chicago, IL 60654. The following procedures shall apply to the admissibility of any objection to confirmation of the Plan:

    a. An objection to confirmation of the Plan must be in writing and accompanied by a memorandum of points and authorities and specify in detail: (i) the name and address of the entity filing the objection; (ii) the grounds of such objection;

4

(iii) the evidentiary support for the objection in the form of affidavits under oath or declarations submitted under penalty of perjury; and (iv) the amount of the objector's claims or such other grounds that give the objector standing to assert any objection to the Plan.

    b. Any objection not timely filed and served shall be deemed to be waived and the party raising such objection shall be deemed to consent to the Court's entry of an order confirming the Plan.

    c. Any evidence that is not timely filed and served as provided above shall be stricken from the record and will not be considered at the Confirmation Hearing.

    d. All declarants or affiants must appear and be available, without need for subpoena, for cross-examination at the Confirmation Hearing (except for declarants making declarations of service and the ballot tabulation, unless such testimony is put in issue). The testimony of any declarant or affiant who is not present himself or herself for cross-examination at the Confirmation Hearing will be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing, unless such party's appearance has been excused by order of this Court.

17. June 11, 2015, at 5:00 p.m. (PDT), shall be the last day and time by which the Debtor is to file a reply in support of confirmation of the Plan (the "Reply"), and shall serve a copy of the Reply on (1) the UST; (2) counsel to the DIP Lender; and (3) all parties that have requested notice in the Debtor's case.

18. Pursuant to Section XVI of the Plan, the Executory Contracts and Unexpired Leases listed on Exhibit "4" to the Plan shall be deemed to be assumed as of the Effective Date, subject to the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.

19. Any monetary defaults under each Assumed Executory Contract and Unexpired Lease shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the

cure amount set forth on Exhibit "4" to the Plan (the "Cure Amount") in cash on the Effective Date, or upon such other terms as the parties to such Assumed Contract or Lease may agree.

20. The following procedures permitting parties to the Assumed Contracts and Leases to challenge the Debtor's calculation of the required Cure Amounts are approved:

    a. In addition of the Solicitation Package, the Debtor shall serve upon each of the parties to the Assumed Contracts and Leases a notice of cure amount (the "Cure Notice"), with a copy of the list of Assumed Contracts and Leases, which describes the deadline and procedure for objecting to the Cure Amount, if disputed.

    b. April 29, 2015, shall be the last day for the Debtor to mail the Cure Notices and June 4, 2015 at 5:00 p.m. PDT, shall be the deadline for a counterparty to an Assumed Contract or Lease to file and serve any objections to the Cure Amount.

    c. Objections to the Cure Amount must be in writing and must set forth in detail the specific objection and the grounds for the objection, and what Cure Amount the objecting party believes is required. Any objection to the Cure Amount must be accompanied by appropriate supporting documentation and evidence demonstrating the calculation of the Cure Amount as claimed. Any objection to the Cure Amount must be filed with the Court and served on (a) counsel for the Debtor; (b) counsel for Mr. Abbey; (c) the UST; and (d) counsel for the DIP Lender.

    d. If parties to the Assumed Contracts and Leases fail to timely object to the Cure Amounts, such parties shall be deemed to have consented to the assumption of the Assumed Contracts and Leases and shall be irrevocably bound to the assumption of the Assumed Contracts and Leases and to the Cure Amount, and will be barred and permanently enjoined from asserting any amounts in excess of the Cure Amounts as a condition to assumption of the Assumed Contracts and Leases.

    e. If a timely objection to a Cure Amount is filed, the Court shall determine the appropriate Cure Amount at a hearing to be set by the Court prior to or at held concurrently with the Confirmation Hearing (unless otherwise agreed by the Debtor).

21. The Debtor may modify the Plan at any time prior to the Effective Date, with the consent of the DIP Lender, to reject any of the Assumed Contracts and Leases in the event that the Court increases the Cure Amount for a particular contract or lease above that specified in the Cure Notice, or the Debtor believes, in its discretion, that assumption is undesirable, in which case, the parties to the rejected Assumed Contracts and Leases may file a rejection claim.

22. The hearing on the confirmation of the Plan shall take place before the Court on June 18, 2015 at 2:00 p.m. (PDT). The hearing may be adjourned or continued from time to time thereafter by announcement at the hearing, without any further written notice.

### # # #

Date: April 28, 2015

_____
Vincent P. Zurzolo
United States Bankruptcy Judge

# EXHIBIT 1

Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for AP-Long Beach Airport LLC*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AP-LONG BEACH AIRPORT LLC, a Delaware limited liability company,<br><br>Debtor and Debtor-in-Possession. | Case No. 2:14-bk-33372-VZ<br><br>Chapter 11<br><br>**NOTICE OF:**<br><br>**(1) ORDER: (1) APPROVING DISCLOSURE STATEMENT; (2) APPROVING NOTICE PROCEDURES; (3) ESTABLISHING CURE PROCEDURES; AND (4) ESTABLISHING CONFIRMATION PROCEDURES AND DEADLINES**<br><br>**(2) HEARING ON CONFIRMATION OF THE PLAN OF REORGANIZATION FOR AP-LONG BEACH AIRPORT LLC**<br><br>**(3) LAST DAY TO CAST BALLOTS ACCEPTING OR REJECTING THE PLAN OF REORGANIZATION FOR AP-LONG BEACH AIRPORT LLC**<br><br>**(4) LAST DATE FOR FILING WRITTEN OBJECTIONS TO THE PLAN OF REORGANIZATION FOR AP-LONG BEACH AIRPORT LLC**<br><br>**(5) LAST DATE FOR DEBTOR TO FILE CONFIRMATION MEMORANDUM AND BALLOT TALLY**<br><br>**(6) LAST DATE FOR FILING OBJECTIONS TO CURE AMOUNTS**<br><br><u>Plan Confirmation Hearing</u><br>Date:  June 18, 2015<br>Time:  2:00 p.m.<br>Place: Courtroom 1368<br>         255 East Temple Street<br>         Los Angeles, CA |

**TO THE OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS AND PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that on or about April ____, 2015, the Bankruptcy Court entered an order approving the disclosure provisions (the "Disclosure Statement") contained in the *Second Amended Disclosure Statement and Plan of Reorganization for AP-Long Beach Airport LLC* (the "Plan") [Docket No. ____][1] filed by AP-Long Beach Airport LLC, a Delaware limited liability company, the debtor and debtor-in-possession in this case (the "Debtor") and Donald G. Abbey ("Mr. Abbey"), as plan proponents.

Transmitted herewith are copies of the following:

(1) The Plan/ Disclosure Statement;
(2) The Order Approving the Disclosure Statement.

If you are entitled to vote to accept or reject the Plan, also included herewith is:

(3) A ballot for the acceptance or rejection of the Plan and a pre-addressed return envelope.

**THE HEARING FOR CONSIDERATION OF THE PLAN AND ANY OBJECTIONS THAT MAY BE MADE TO THE CONFIRMATION OF THE PLAN WILL BE HELD ON JUNE 18, 2015, AT 2:00 P.M. (PDT), BEFORE THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, IN COURTROOM 1368 OF THE ABOVE-ENTITLED COURT, LOCATED AT THE EDWARD R. ROYBAL FEDERAL BUILDING AND U.S. COURTHOUSE, 255 EAST TEMPLE STREET, LOS ANGELES, CA 90012.**

**PLEASE TAKE FURTHER NOTICE** that May 29, 2015, at 5:00 p.m., shall be the last day to deliver Ballots to Irell & Manella LLP ("I&M"), the Debtor's bankruptcy counsel. Ballots must be completed and returned to, and actually received by I&M, on or before May 29, 2015, at 5:00 p.m. (PDT), to be valid and counted. All Ballots shall be returned to the Debtor's reorganization counsel (I&M) at the following address: Lori Gauthier, Paralegal, Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660, Fax: (949) 760-5200, Email: lgauthier@irell.com.

**BY ORDER OF THE COURT, WRITTEN BALLOTS ACCEPTING OR REJECTING THE PLAN MUST BE ACTUALLY RECEIVED BY I&M ON OR BEFORE MAY 29, 2015, AT 5:00 P.M. (PDT).**

**PLEASE TAKE FURTHER NOTICE** that on or before May 21, 2015, the Debtor shall file a motion and memorandum in support of confirmation of the Plan (the "Confirmation Memorandum"), declarations in support thereof, and shall serve a copy of the Confirmation Memorandum on (1) the DIP Lender, (2) the UST, and (3) all parties that have requested notice in the Debtor's case.

**PLEASE TAKE FURTHER NOTICE** that on or before June 4, 2015, the Debtor shall file a ballot summary (the "Ballot Summary"), and shall serve a copy of the Ballot Summary on (1) the DIP Lender, (2) the UST, and (3) all parties that have requested notice in the Debtor's case.

**PLEASE TAKE FURTHER NOTICE** that June 4, 2015, at 5:00 p.m. (PDT) is the last date and time for filing and serving, pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, written objections to confirmation of the Plan. Any creditor or interested party who wishes to object to the Plan must file a written objection with the Clerk of the Bankruptcy Court, located at Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Room 940, Los Angeles, CA 90012. Such objection must also be served, such that any objection is

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Plan.

received by no later than 5:00 p.m. (PDT), on June 4, 2015, upon (a) counsel for the Debtor, Irell & Manella LLP, Attn: Alan J. Friedman, Esq. and Kerri A. Lyman, Esq., 840 Newport Center Drive, Suite 400, Newport Beach, California 92660; (b) counsel for Mr. Abbey, Lobel, Neue & Till, LLP, Attn: William N. Lobel, Esq., 840 Newport Center Drive, Suite 750, Newport Beach, CA 92660; (c) the Office of the United States Trustee (the "UST"), Attn: Kelly Morrison, Esq., 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017; and (d) counsel for Macquarie Bank Limited (the "DIP Lender"), Kirkland & Ellis LLP, Attn: Chad J. Husnick, Esq. and Jason B. Gott, Esq., 300 North LaSalle Street, Chicago, IL 60654. Any objections to the Plan not filed and served as set forth herein may be deemed waived.

**PLEASE TAKE FURTHER NOTICE** that on or before June 11, 2015, the Debtor shall file a reply in support of confirmation (the "Reply"), and shall serve a copy of the Reply on (1) the DIP Lender, (2) the UST, and (3) all parties that have requested notice in the Debtor's case.

**PLEASE TAKE FURTHER NOTICE** that April 29, 2015, has been fixed as the last day for the Debtor to serve upon each of the parties to the list of contracts and leases to be assumed (the "Assumed Contracts and Leases") a notice of cure amount (the "Cure Notice"), together with a copy of the list of Assumed Contracts and Leases, which describes the deadline and procedure for objecting to the proposed cure amount (the "Cure Amount"), if disputed.

**PLEASE TAKE FURTHER NOTICE** that June 4, 2015, at 5:00 p.m. (PDT), is fixed as the last day to file and serve any objections to the Cure Amount. Objections to the Cure Amount must be in writing and must set forth in detail the specific objection and the grounds for the objection, and what Cure Amount the objecting party believes is required. Any objection to the Cure Amount must be accompanied by appropriate supporting documentation and evidence demonstrating the calculation of the Cure Amount as claimed. Any objection to the Cure Amount must be filed with the Court and served on (a) counsel for the Debtor; (b) counsel for Mr. Abbey; (c) the UST; and (d) counsel for the DIP Lender, at the addresses set forth above.

Dated: April ____, 2015

                          IRELL & MANELLA LLP

                          By: _____
                              Alan J. Friedman
                              Kerri A. Lyman
                              *Attorneys for AP-Long Beach Airport LLC*

# EXHIBIT 2

BALLOT FOR ACCEPTING OR REJECTING PLAN

AP Long Beach Airport LLC and Donald G. Abbey (the "Proponents") filed a Plan of Reorganization on April 23, 2015. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

_____ The undersigned, a creditor with an allowed claim in the amount of $_____:

_____ The undersigned, a holder of a bond in the amount of $_____, with a stated maturity date of _____, registered in the name of _____, and bearing serial number(s) _____:

_____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) No. _____:

[ ]    Accepts the Plan

[ ]    Rejects the Plan

Print or type name: _____

State which class you are a member of: _____

Signed: _____

If appropriate, by: _____ as _____

Address:

Return this ballot on or before May 29, 2015 by 5:00 p.m. PDT to: IRELL & MANELLA LLP, Attn: Lori Gauthier, 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324, Telephone: (949) 760-0991, Facsimile: (949) 760-5200.